Charles H. Crawford, Administrator of the Estate of Charles Crawford, Deceased, Defendant in Error, v. Bauer-Johnson & Company, Plaintiff in Error.

Gen. No. 8,631.

Opinion filed January 16, 1933.

JAMES P. NIELSON and C. H. WOOD, for plaintiff in error.

JOHN E. WALL, for defendant in error.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case Charles H. Crawford, as administrator of the estate of Charles Crawford, deceased, brought suit against Bauer-Johnson & Company, plaintiff in error herein, in the circuit court of Adams county for the benefit of the next of kin of the deceased, under the Injuries Act, Cahill's St. ch. 70, to recover damages for pecuniary injuries resulting to the next of kin by the death of the deceased which the declaration charges was caused by the negligence of a servant of the plaintiff in error in driving a truck, owned and op-

erated by the plaintiff in error, along Maiden Lane street in the City of Quincy.

The plaintiff in error filed the plea of the general issue to the declaration, and also a special plea denying ownership, control, management and operation of the automobile truck, and the employment of the operator of the truck. A jury trial of the case resulted in a verdict finding the plaintiff in error guilty, and assessing the damages at $1,500. The plaintiff in error made a motion for a new trial which was denied; and thereafter also made a motion in arrest of judgment, which was also denied, and a judgment was rendered upon the verdict. A writ of error is now prosecuted for reversal of the judgment.

There is no bill of exceptions in the record and therefore the only matters that are properly before this court for consideration are those which are disclosed by the common law record. The only question presented for review is based upon the denial of the motion in arrest of judgment; and it is contended by counsel for the plaintiff in error that the declaration does not state a cause of action under the Injuries Act, Cahill's St. ch. 70. In support of this contention several special grounds are urged, namely: That there is no allegation in the declaration of the date when the alleged accident occurred; also that there is no allegation in the declaration or in any count thereof, that the suit was commenced within, one year after the death of the deceased.

In reference to the contention as to the date of the accident, it is pointed out that the date of the accident appears in both the first and second counts of the declaration; and by proper and necessary intendment it connects up with averments in the declaration relating to the facts upon which the defendant in error's cause of action is based. The first count recites that, "Charles Crawford, who brings this action in his representative capacity as Administrator of the Estate

of Charles H. Crawford, deceased, plaintiff, by John E. Wall, his attorney, complains of Bauer-Johnson & Co., a corporation, defendant, of a plea of trespass on the case. For that whereas there was on to-wit *June 23, 1930,* and for a long time prior thereto, a certain public thoroughfare within the corporate limits of the City of Quincy, Illinois, running in an easterly direction from to-wit: Third Street, to to-wit, Fourth Street, in said City of Quincy, and commonly known as Maiden Lane Street . . . and over which part of said public thoroughfare, used for vehicular traffic, as aforesaid, the defendant by and through its servant *then* drove a large number of automobile trucks. And the plaintiff avers that on the south side of said thoroughfare and abutting the said south sidewalk, there *then was a large tract of ground upon which a public school building stood that occupied approximately one-third of said tract, the remainder thereof being used by school children for playground purposes,* etc. . . . And on the east end of said north sidewalk of the public thoroughfare abutting on said Fourth Street on the east and said Maiden Lane Street on the south, there *then stood a small building running, to-wit, thirty feet east and west which was flush with said Maiden Lane Street, while immediately west of said building there then was a concrete driveway running north and south and gradually rising upward from said Third Street to said Fourth Street in said City five feet above the surface of said sidewalk, which concrete driveway was clearly visible and easily seen by persons driving and operating automobile trucks or other vehicles while they were moving easterly from said Third Street to said Fourth Street in said City of Quincy, Illinois, and children riding small wagons up and down said concrete driveway were likewise visible for a distance of more than fifty feet west thereof, and were in plain view of the drivers of automobile*

*trucks of the defendant while they moved in an east-*
*erly direction upon said Maiden Lane Street,* etc. . . .
And the plaintiff avers, *that at the time* of the happen-
ing of the casualty to the plaintiff's intestate, as here-
inafter mentioned, and for one hour continuously
thereto, plaintiff's intestate, Charles H. Crawford,
*who was then a boy four years of age, was pushing a*
*small child's wagon to the top of said concrete drive-*
*way and then riding on the same down the slope of*
*such driveway over the said sidewalk and out into that*
*portion of said Maiden Lane Street used for vehicular*
*traffic, as aforesaid, all of which was known to the said*
*defendant and its servants in charge of its said auto-*
*mobile trucks, or by the exercise of ordinary care*
*would have been known to them* and *at the same time a*
*great number of children were playing in said street*
*and on said sidewalks of said Maiden Lane Street,*
etc. . . . *By reason of the premises it then and there*
became the duty of the defendant by and through its
servants in charge of said automobile trucks, to exer-
cise reasonable care in the management of said trucks
and to exercise a like degree of care in anticipation of
the presence of said children on said Maiden Lane
Street at the place aforesaid and to exercise a like
degree of care in anticipation of the presence and ac-
tion of the plaintiff's intestate on said concrete drive-
way, as aforesaid; and to exercise a like degree of care
in keeping a lookout ahead and guarding against the
likelihood of said intestate while riding down said
concrete driveway in the manner aforesaid. . . .
Yet the defendant not regarding its duty in the prem-
ises *then and there* by and through its servants so in
charge of said automobile trucks as aforesaid so care-
lessly, negligently and improperly drove and man-
aged its said trucks at the place aforesaid that by and
through said carelessness and negligence it failed to
keep a lookout ahead; and *then and there* failed and

neglected to anticipate the presence of the plaintiff's intestate playing upon said concrete driveway, as aforesaid, and the likelihood of said intestate while so playing there, in getting out into said Maiden Lane Street in the way of said trucks, and thereby being seriously injured; so that the plaintiff's intestate *who was then* four years of age and legally not chargeable with contributory negligence, while riding down said concrete driveway, in the manner aforesaid, was carried in his said child's wagon across said sidewalk and out into said Maiden Lane Street in the way of one of said automobile trucks of said defendant in charge of one of its servants, and by reason of said carelessness of said defendant, was run over by said truck and killed.''

We are of opinion that the foregoing allegations, which are substantially the same in both counts of the declaration, fix both the time and place of the fatal injury and death of the deceased.

Another contention of counsel is that there is no allegation in the declaration, that the suit was commenced within a year after the death of the deceased. We deem it sufficient to say on this point that such an allegation was not necessary inasmuch as a bar by limitation to an action is a matter of defense. If it were a fact that the suit was not brought within the period limited by the statute, such fact should and could have been pleaded in defense, but no question of limitation to bar the defendant in error's right of recovery was raised by the plaintiff in error's pleas. The record discloses that not only was the action brought within a year after the deceased was killed according to the averments of the declaration, but also that the trial as well as the judgment rendered were within the year.

With reference to the absence of an affirmative allegation in the declaration to the effect that the next of kin of the deceased exercised due care for the safety

of the deceased, it is clear that no legal inference of contributory negligence on the part of the next of kin can reasonably be drawn from the fact that deceased was playing with his wagon at the time and place and under the circumstances described in the declaration; and hence an affirmative allegation of due care on the part of the next of kin was not necessary as a matter of law.

. For the reasons stated, we conclude that the motion in arrest of judgment was properly denied; and the judgment is therefore affirmed.

*Affirmed.*